| UNITED STATES DISTRICT COURT | SOUTHERN DISTRICT OF TEXAS |
|---|---|

DOUGLAS EASTMAN, §
§
    *Plaintiff,* §
§
v. § CIVIL ACTION NO. 2:24-CV-00220
§
TEXAS A&M UNIVERSITY- §
KINGSVILLE, §
§
    *Defendant.* §

## JOINT DISCOVERY/CASE MANAGEMENT PLAN
## UNDER RULE 26(f) FEDERAL RULES OF CIVIL PROCEDURE

1. State where and when the meeting of the parties required by Rule 26(f) was held and identify the counsel who attended for each party.

   **RESPONSE:**
   The Counsel for Defendant TAMUK, Jason Contreras, and Counsel for Plaintiff, Chris McJunkin, conferred via email on November 27, 2024, and December 1, 2024.

2. List the cases related to this one that are pending in any state or federal court with the case number and court.

   **RESPONSE:**
   None.

3. <u>Briefly</u> describe what this case is about.

   **RESPONSE:**
   **Plaintiff:**
   Plaintiff (Anglo White Male) filed his Original Complaint on September 27, 2024, asserting discrimination on the basis of Plaintiff's race, national origin and/or color, all being Anglo white in violation of Title VII, 42 U.S.C. Sec. 2000 et seq. and the Texas Labor Code Sec. 21 et seq. Defendant filed a Motion to Dismiss (DE 12) and Amended Motion (DE 13). In response and within 21 days of Defendant's Motions, Plaintiff filed his First Amended Original Complaint on November 25, 2024, asserting only a violation of Title VII, and removing Plaintiff's state law claims.

   Plaintiff had been a very successful Woman's Softball Coach for over 20 years at the time Defendant hired Plaintiff as its Head Woman's Softball Coach in August of 2023. February of 2023, Defendant removed Plaintiff the Woman's Head Softball Coach, on paid leave

during the investigation. Defendant's alleged basis for the removal was an allegation of inappropriate conduct which Plaintiff would show was baseless. Defendant replaced Plaintiff with Orlando Salinas.

On July 5, 2023, Defendant began recruiting players for the 2023-24 softball season and advertised that Orlando Salinas, was the Defendant's Permanent Head Women's Softball Coach. Defendant had already informed Plaintiff that his suspension with pay would only last "*while the investigation was ongoing*" or "*if anything changes.*" Plaintiff had no job security and had a family to support---- Defendant constructively terminated Plaintiff. Defendant replaced Plaintiff with Orlando Salinas, Hispanic.

Plaintiff would show that Mr. Salinas's qualifications to be the Women's Head Softball Coach are so far less than Plaintiff's qualifications, that the difference in their qualifications jumps off the page and slaps the reader in the face and establishes that Plaintiff was clearly the more qualified than Orlando Salinas.

**Defendant:**
TAMUK disputes Plaintiff's allegations and contends that while he was suspended with pay pending an investigation involving allegations that he improperly touched the buttocks of a female softball player, he asked TAMUK for permission to accept a position as a softball coach for Odessa College pursuant to System Regulation 31.05.02 relating to "External Employment," which TAMUK denied. TAMUK discovered that Plaintiff had accepted that full-time Odessa College coaching position and thereby treated his acceptance of that position as a resignation from his TAMUK coaching job. Plaintiff's acceptance of the position at Odessa College was a violation of System Regulations regarding external employment therefore had he not resigned, he would have been subject to disciplinary action by TAMUK, up to and including termination. TAMUK's actions relating to Plaintiff's employment were in no way in violation of Title VII. Thus, Plaintiff's claims should be dismissed with prejudice, and he should take nothing.

4. Specify the allegation of federal jurisdiction.

    **RESPONSE:**
    **Plaintiff:** This Court has jurisdiction pursuant to a federal question, 28 U.S.C. section 1331 and Title VII of the Civil Rights Act 42 USC Sec. 2000e et seq. Plaintiff is entitled to attorneys' fees and costs pursuant to 42 U.S.C. sec.2000 et seq, 42 U.S.C. sec.1988.

5. Name the parties who disagree and the reasons.

    **RESPONSE:**
    **Defendant:**
    TAMUK does not dispute that this court has jurisdiction over Plaintiff's Title VII claims.

6. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

      **RESPONSE:**
      None at this time.

7. List anticipated interventions.

    **RESPONSE:**
    None at this time.

8. Describe class-action issues.

    **RESPONSE:**
    None.

9. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

    **RESPONSE:**
    **Plaintiff:**
    Plaintiff has not made disclosures and will make its initial disclosures within thirty (30) days of issuance of a scheduling order.

    **Defendant:**
    Defendant will make its initial disclosures within thirty (30) days of issuance of a scheduling order.

10. Describe the proposed agreed discovery plan, including:

    A. Responses to all the matters raised in Rule 26(f).

       **RESPONSE:**
       **Plaintiff:**
       Plaintiff agrees to conduct discovery pursuant to the Federal Rules of Civil Procedure and in accordance with the local rules of court.

       **Defendant:**
       TAMUK agrees to conduct discovery pursuant to the Federal Rules of Civil Procedure and in accordance with the local rules of court.

    B. When and to whom the plaintiff anticipates it may send interrogatories.

       **RESPONSE:**
       **Plaintiff:**
       Plaintiff anticipates sending discovery to Defendant , within thirty (30) days of the issuance of a scheduling order.

    C. When and to whom the defendant anticipates it may send interrogatories.

     **RESPONSE:**
     TAMUK will serve Plaintiff with interrogatory requests within thirty (30) days of the issuance of a scheduling order.

    D. Of whom and by when the plaintiff anticipates taking oral depositions.

     **RESPONSE:**
     Plaintiff anticipates taking oral depositions of witnesses as identified throughout the course of discovery, including but not limited to Orlando Salinas, Ryle Oborski, Tasha Clark, Derek Gonzales.

    E. Of whom and by when the defendant anticipates taking oral depositions.

     **RESPONSE:**
     TAMUK anticipates taking Plaintiff's deposition. TAMUK further reserves the right to depose other fact witnesses identified throughout the course of discovery.

    F. When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

     **RESPONSE:**
     Plaintiff anticipates no experts' designations other than attorney request for fees if Plaintiff prevails, which motion will be filed post-verdict.

    G. List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

     **RESPONSE:**
     Plaintiff anticipates no experts' depositions; and no other experts are anticipated other than attorney request for fees if Plaintiff prevails, which motion will be filed post-verdict.

    H. List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

     **RESPONSE:**
     In the event Plaintiff designates an expert witness, TAMUK reserves its right to depose that witness or witnesses. Defendant anticipates completion of such a deposition/s before the end of the discovery period.

11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

**RESPONSE:**
Other than expected completion of discovery dates: None.

12. Specify the discovery beyond initial disclosures that has been undertaken to date.

    **RESPONSE:**
    None.

13. State the date the planned discovery can reasonably be completed.

    **RESPONSE:**
    **Plaintiff:**
    September 30, 2025

    **Defendant:**
    TAMUK can reasonably complete the planned discovery within nine months of the issuance of a scheduling order.

14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

    **RESPONSE:**
    **Plaintiff:**
    Plaintiff does not believe that a settlement discussion is reasonable until discovery has been Conducted. Plaintiff will comply with any order by this court to participate in mediation with Plaintiff.

    **Defendant:**
    TAMUK will comply with any order by this court to participate in mediation with Plaintiff.

15. Describe what each party has done or agreed to do to bring about a prompt resolution.

    **RESPONSE:**
    **Plaintiff:**
    No action taken by Plaintiff to date.

    **Defendant:**
    None to date. However, TAMUK is amenable to mediation.

16. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.

    **RESPONSE:**
    Mediation.

17. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

    **RESPONSE:**
    **Plaintiff:**
    Plaintiff does not consent to trial before a magistrate judge.

    **Defendant:**
    TAMUK does not consent to trial before a magistrate judge.

18. State whether a jury demand has been made and if it was made on time.

    **RESPONSE:**
    **Plaintiff:**
    Yes, filed with Original Complaint.

19. Specify the number of hours it will take to present the evidence in this case.

    **RESPONSE:**
    **Plaintiff:**
    Plaintiff anticipates a jury trial of approximately of five days.

    **Defendant:**
    TAMUK anticipates a jury trial of approximately four to five days.

20. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

    **RESPONSE:**
    **Plaintiff:**
    None, based on Defendant's withdrawing its Motion to Dismiss.

    **Defendant:**
    Based on Plaintiff's First Amended Complaint, Defendant withdraws its Motion to Dismiss. Doc. No. 12. Defendant will file a responsive pleading to Plaintiff's First Amended Complaint by the due date, December 9, 2024.

21. List other motions pending.

    **RESPONSE:**
    None.

22. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

    **RESPONSE:**
    None.

23. List the names, bar numbers, addresses and telephone numbers of all counsel.

    Counsel for Plaintiff,
    Douglas Eastman:
    Christopher Edwin McJunkin    /s/ Chris McJunkin    Date: 12/1/24
    Attorney at Law
    State Bar #13686525
    Southern Dist #23548
    4510 Anthony St.
    Corpus Christi, TX 78415
    361-882-5747
    Email: cmcjunkin@stx.rr.com

    Counsel for Defendant,
    Texas A&M University-Kingsville:
    Jason T. Contreras    /s/ Jason Contreras    Date: 12/1/24
    Assistant Attorney General
    Texas Bar No. 24032093
    SD ID No.: 706042
    Office of the Attorney General
    P.O. Box 12548, Capitol Station
    Austin, Texas 78711-2548
    Phone: 512-463-2120 Fax: 512-320-0667
    Email: Jason.Contreras@oag.texas.gov